BILL LOCKYER Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE SIMÓN SALINAS, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following questions:
1. May the offices of county treasurer, county auditor, and county tax collector be consolidated and held by the same person?
2. May a county treasurer, who is also the county auditor, be appointed to a county retirement board operating under the County Employees Retirement Law of 1937?
 CONCLUSIONS
1. The offices of county treasurer, county auditor, and county tax collector may be consolidated and held by the same person.
2. A county treasurer, who is also the county auditor, may be appointed to a county retirement board operating under the County Employees Retirement Law of 1937.
 ANALYSIS
The two questions presented for resolution concern the county offices of (1) treasurer, (2) auditor, (3) tax collector, and (4) retirement board member. May the first three offices be consolidated and held by the same person, and may a person holding the first two offices also hold the fourth? We conclude that the answer to both questions is "yes."
1. Consolidation of Offices
Until recently, the question whether a person may simultaneously hold two or more public offices required an examination of the common law rule prohibiting the holding of incompatible offices. (See People ex rel. Chapman v. Rapsey
(1940) 16 Cal.2d 636, 642; People ex rel. Deputy Sheriffs' Assn.v. County of Santa Clara (1996) 49 Cal.App.4th 1471, 1481; 81 Ops.Cal.Atty.Gen. 344, 345 (1998).) In 2005, the Legislature codified the common law rule by enacting Government Code section1099 (Stats. 2005, ch. 254, § 1),[1] which now governs questions concerning the consolidation and holding of multiple public offices. Section 1099 states:
 "(a) A public officer, including, but not limited to, an appointed or elected member of a governmental board, commission, committee, or other body, shall not simultaneously hold two public offices that are incompatible. Offices are incompatible when any of the following circumstances are present, unless simultaneous holding of the particular offices is compelled or expressly authorized by law:
 "(1) Either of the offices may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over the other office or body.
 "(2) Based on the powers and jurisdiction of the offices, there is a possibility of a significant clash of duties or loyalties between the offices.
 "(3) Public policy considerations make it improper for one person to hold both offices.
 "(b) When two public offices are incompatible, a public officer shall be deemed to have forfeited the first office upon acceding to the second. This provision is enforceable pursuant to Section 803 of the Code of Civil Procedure.
 "(c) This section does not apply to a position of employment, including a civil service position.
 "(d) This section shall not apply to a governmental body that has only advisory powers.
 "(e) For purposes of paragraph (1) of subdivision (a), a member of a multimember body holds an office that may audit, overrule, remove members of, dismiss employees of, or exercise supervisory powers over another office when the body has any of these powers over the other office or over a multimember body that includes that other office.
 "(f) This section codifies the common law rule prohibiting an individual from holding incompatible public offices."
According to its plain language, section 1099 was enacted by the Legislature to codify "the common law rule prohibiting an individual from holding incompatible public office." (§ 1099, subd. (f).) The Legislature's intent in this regard was reiterated in an uncodified portion of the same legislation:
 "Nothing in this act is intended to expand or contract the common law rule prohibiting an individual from holding incompatible public offices. It is intended that courts interpreting this act shall be guided by judicial and administrative precedent concerning incompatible public offices developed under the common law." (Stats. 2005, ch. 254, § 2.)
Pursuant to section 1099 and established precedent, a person may not simultaneously hold two public offices if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either office exercises a supervisory, auditing, or removal power over the other. (§ 1099, subd. (a); see People exrel. Chapman v. Rapsey, supra, 16 Cal.2d 636; 81 Ops.Cal.Atty.Gen., supra, at p. 345.) For the prohibition to apply, both positions must be "public offices," and not merely "a position of employment" (§ 1099, subd. (c); see 58 Ops.Cal.Atty.Gen. 109, 111 (1975)), and there must be an "absence of statutes suggesting a contrary result" (38 Ops.Cal.Atty.Gen. 113, 113 (1961); see § 1099, subd. (a); 81 Ops.Cal.Atty.Gen.,supra, at p. 345; 78 Ops.Cal.Atty.Gen. 60, 62-63 (1995)). The consequence of holding incompatible offices is that the person is deemed to have forfeited the first upon accepting the second. (§ 1099, subd. (b); People ex rel. Chapman v. Rapsey, supra,
16 Cal.2d at p. 644; see 3 McQuillin, Municipal Corporations (3d ed. 2001) § 12.67, p. 367.)
Here, we have no doubt that the positions of county treasurer, tax collector, and auditor constitute public offices for purposes of the rule. (See 88 Ops.Cal.Atty.Gen.130, 130-131 (2005) [county auditor holds an office for purposes of the incompatible offices rule; 87 Ops.Cal.Atty.Gen. 54, 58 (2004) [county treasurer holds an office for purposes of the incompatible offices rule].) The Legislature has specified that the county treasurer, tax collector, and auditor are offices to be elected by the people (§ 24009), and the duties of each office are established by statute (§§ 26900-26914 [auditor], 27000-27013 [treasurer] 27400-27401 [tax collector]; Rev. Tax. Code, §§ 2601-2636 [tax collector]; see Moore v. Parish (1982) 32 Cal.3d 535, 545.)
As for whether these are "incompatible" offices, we note that offices are incompatible when "[e]ither of the offices mayaudit, overrule, remove members of dismiss employees of, or exercise supervisory powers over the other office or body." (§ 1099, subd. (a)(1), italics added.) In People ex rel. Chapman v.Rapsey, supra, 16 Cal.2d 636, the Supreme Court observed:
 "`The inconsistency, which at common law makes offices incompatible, does not consist in the physical impossibility to discharge the duties of both offices, but lies rather in a conflict of interest, as where one is subordinate to the other and subject in some degree to the supervisory power of its incumbent, or where the incumbent of one of the offices has the power to remove the incumbent of the other or to audit the accounts of the other.'" (Id. at p. 642, quoting 46 Corpus Juris 941, italics added.)
Because a county auditor is expressly given auditing powers over a county treasurer (§§ 26905, 26920-26923) and a county tax collector (Rev. Tax. Code, §§ 2616, 2626-2630), the offices would ordinarily be considered incompatible under the common law rule.
However, subdivision (a) of section 1099 states that offices are incompatible "unless simultaneous holding of the particular offices is compelled or expressly authorized by law." This statutory provision reflects the prior governing legal principles, which recognized that the Legislature could change the common law rule with respect to particular offices whenever it chose to do so. (See American Canyon Fire Protection Dist. v.County of Napa (1983) 141 Cal.App.3d 100, 104; McClain v.County of Alameda (1962) 209 Cal.App.2d 73, 79; 88 Ops.Cal.Atty.Gen. 130, 131 (2005); 82 Ops.Cal.Atty.Gen. 201, 204 (1999); 81 Ops.Cal.Atty.Gen., supra, at pp. 345-346; 78 Ops.Cal.Atty.Gen., supra, at pp. 62-63.)
Such is the case here. Section 24300.5 provides that the offices of county treasurer, auditor, and tax collector may be consolidated by a county board of supervisors:
 "In addition to the duties of the county offices which may be consolidated under the provisions of Section 24300, the board of supervisors may by ordinance consolidate the offices of auditor, controller, treasurer, tax collector, and director of finance."
In 55 Ops.Cal.Atty.Gen. 346, 352-356 (1972), we examined the consolidation of the offices of county auditor, controller, treasurer, tax collector, and director of finance, and explained that whether these offices should be consolidated was a policy decision for the Legislature to decide:
 "Whether or not one officer should exercise interrelated duties or whether there should be separate officers checking and restraining each other is a question that has been decided in this instance by the Legislature. Whether doing away with a traditional system of checks and balances in the management of financial affairs of the county is wise and in the best public interest is a policy decision that the Legislature has also decided.
 "Where the consolidated office is established, there must be an independent audit each year. [Citation.] This, to a certain extent, is designed to safeguard the finances of the county against loss and to disclose any departures by the director of finance from accepted management practices. Whether the annual independent audit with a single . . . director of finance . . . is preferable to the various independent officers checking on each other, with the county auditor making an annual audit, is also a policy question that the Legislature has decided."
Accordingly, we conclude in answer to the first question that the offices of county treasurer, county auditor, and county tax collector may be consolidated and held by the same person.
2. Retirement Board Service
We are next asked whether a county treasurer, who is also the county auditor, may be appointed to a county retirement board operating under the County Employees Retirement Law of 1937. We conclude that he or she may be so appointed.
The Legislature has enacted the County Employees Retirement Law of 1937 (§§ 31450-31894.5), authorizing counties to establish a retirement program for county employees. (§ 31500.) The management of the program is vested in a county retirement board. (§ 31520.) The duties of a retirement board member consist primarily of protecting the assets of the retirement system through investment decisions[2] and through actuarial valuations and adjustments; calculating benefits; delivering benefits and services to members and their beneficiaries; and deciding individual members' claims for benefits. (See §§ 31453, 31453.5, 31530-31536, 31580-31619; Bandt v. Board of Retirement
(2006) 136 Cal.App.4th 140, 150-155; In re Retirement Cases
(2003) 110 Cal.App.4th 426, 438-439; Westly v. Board ofRetirement (2003) 105 Cal.App.4th 1095, 1109-1112.) These functions comprise, by and large, administrative decisions. (SeeIn re Retirement Cases, supra, 110 Cal.App.4th at pp. 453 [calculations of retirement benefits and contribution rates are not contractual and not subject to bargaining].)
Article XVI, section 17, of the Constitution requires the members of a public retirement board to discharge their duties solely in the best interests of retirement system members:
 "Notwithstanding any other provisions of law or this Constitution to the contrary, the retirement board of a public pension or retirement system shall have plenary authority and fiduciary responsibility for investment of moneys and administration of the system, subject to all of the following:
 "(a) The retirement board of a public pension or retirement system shall have the sole and exclusive fiduciary responsibility over the assets of the public pension or retirement system. The retirement board shall also have sole and exclusive responsibility to administer the system in a manner that will assure prompt delivery of benefits and related services to the participants and their beneficiaries. The assets of a public pension or retirement system are trust funds and shall be held for the exclusive purposes of providing benefits to participants in the pension or retirement system and their beneficiaries and defraying reasonable expenses of administering the system.
 "(b) The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system solely in the interest of, and for the exclusive purposes of providing benefits to, participants and their beneficiaries, minimizing employer contributions thereto, and defraying reasonable expenses of administering the system. A retirement board's duty to its participants and their beneficiaries shall take precedence over any other duty.
 "(c) The members of the retirement board of a public pension or retirement system shall discharge their duties with respect to the system with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with these matters would use in the conduct of an enterprise of a like character and with like aims.
 "(d) The members of the retirement board of a public pension or retirement system shall diversify the investments of the system so as to minimize the risk of loss and to maximize the rate of return, unless under the circumstances it is clearly not prudent to do so.
 "(e) The retirement board of a public pension or retirement system, consistent with the exclusive fiduciary responsibilities vested in it, shall have the sole and exclusive power to provide for actuarial services in order to assure the competency of the assets of the public pension or retirement system."
Specific sections of the County Employees Retirement Law of 1937 echo these constitutional requirements by providing that the retirement system's funds may not be used for any purpose other than administration of the system, investments, and benefits to members (§ 31588.2); by prohibiting members of a retirement board from having any personal interest in the investments of the board (§ 31528); and by imposing fiduciary duties on members of the retirement board (§ 31595).
The composition of a retirement board operating under the County Employers Retirement Law of 1937 is controlled by either section 31520 or section 31520.1. Both statutes require that the county treasurer be a member of the board. (§§ 31520 ["the board of retirement, consisting of five members, one of whom shall be the county treasurer"], 31520.1 ["the board of retirement shall consist of nine members and one alternate, one of whom shall be the county treasurer"].) A county treasurer, who is also the county auditor, is thus compelled to be a retirement board member. (See § 1099, subd. (a); American Canyon Fire ProtectionDist. v. County of Napa, supra, 141 Cal.App.3d at p. 104, quoting McClain v. County of Alameda, supra, 209 Cal.App.2d at p. 79 ["`There is nothing to prevent the Legislature . . . from allowing, and even demanding, that an officer act in a dual capacity'"].)
Accordingly, we conclude in answer to the second question that a county treasurer, who is also the county auditor, may be appointed to a county retirement board operating under the County Employees Retirement Law of 1937.
[1] All further references to the Government Code are by section number only.
[2] In certain counties, the board of supervisors may establish a board of investments to be responsible for all investments of the retirement system. The county treasurer sits ex officio as a member of the board of investments. (§ 31520.2.)